UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN GREGORY HANSON,

    Petitioner,

v.

BERRY A. WILLIS,

    Respondent.

Civil No. 13-2663 (ADM/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on the application of respondent, Berry A. Willis, for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Respondent's IFP application was filed with a self-styled "Notice of Removal," (Docket No. 1), by which respondent is attempting to remove this action from state court into federal court, pursuant to 28 U.S.C. §§ 1441, et seq.

The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that removal is not permissible in this case. The Court will therefore recommend that respondent's IFP application be denied, that his "Notice of Removal" be vacated, and that this action be summarily remanded to the state court where it was originally commenced.

**I.    BACKGROUND**

The named petitioner in this case, John Gregory Hanson, commenced the present action by filing an application for a Harassment Restraining Order, ("HRO"), in the state district court for Hennepin County, Minnesota. ("Notice of Removal," "Exhibit A," [Docket No. 1-1].) The application that initiated this action in the state court was based solely on a Minnesota state statute – Minn.Stat. 609.748. Nothing in the current record suggests that petitioner cited, or relied upon, any federal law to support his HRO petition.

Furthermore, respondent has not cited, (and the Court is not aware of), any federal law on which petitioner's HRO petition could have been based.

An initial HRO for petitioner's benefit was entered in the Hennepin County District Court on or about September 24, 2013. (Id.) It appears that respondent can challenge the initial HRO by requesting a hearing within 45 days. (Id.)

On September 27, 2013, respondent initiated his current effort to remove the state court HRO proceedings into federal court. As previously mentioned, respondent did not tender the statutory filing fee with his notice of removal, but instead applied for IFP status. The Court finds that respondent's IFP application must be denied, and this case must be summarily remanded to the state court, because petitioner's HRO petition provides no grounds for federal subject matter jurisdiction.

## II. DISCUSSION

The federal removal statute provides that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

The federal removal statute is narrowly construed, to ensure that federal courts do not violate the important principles of comity and federalism, by entertaining actions in which federal subject matter jurisdiction is lacking. See <u>Nichols v. Harbor Venture, Inc.</u>, 284 F.3d 857, 861 (8th Cir. 2002) ("the nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal"); see also <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1993) ("district court was required to

resolve all doubts about federal jurisdiction in favor of remand").

The fundamental principles governing removal of state court actions to federal court have been summarized by the United States Supreme Court as follows:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]

Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). See also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking solely at the plaintiff's pleading. In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff has pleaded a claim based on federal law. If a plaintiff is proceeding exclusively under state law, a defendant cannot cause an action to become removable by pleading a defense or counterclaim based on federal law. Magee, 135 F.3d at 601. As the Supreme Court has noted, the plaintiff is the "master of the claim," so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court.[1]

---

[1] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where federal labor law has effectively superseded any potentially relevant state law. Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998). The complete pre-

3

The state court action at issue here is not removable, because the action could not have been initiated in federal court. It is readily apparent that this action is based entirely on Minnesota state law. Petitioner did not, (and could not), attempt to bring his HRO action under any federal law. Furthermore, it appears that both petitioner and respondent were Minnesota residents when this HRO action was commenced in state court, (see "Civil Cover Sheet," [Docket No. 1-4]), so the action could not have been brought in federal court under the diversity of citizenship statute, (28 U.S.C. § 1332). If petitioner had tried to commence his HRO action in federal court, the case would have been quickly dismissed for lack of subject matter jurisdiction. Because this action could not have been filed in federal court at its inception, due to lack of federal subject matter jurisdiction, it cannot be removed to federal court now. Caterpillar, supra.

Respondent seems to believe that federal subject matter does exist, and this case is removable, simply because he intends to raise defenses (and perhaps counterclaims) that are based on federal law, the federal Constitution, or both. However, that notion is plainly unavailing. Again, it is well settled, that for purposes of determining whether a case is removable based on the existence of a "federal question," a federal court must look solely at the nature of the claims presented in the plaintiff's complaint. Caterpillar, supra. Thus, respondent cannot create a federal question that authorizes removal by means of his own federal-law defenses or counterclaims. See Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) ("[f]ederal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case").

---

emption doctrine is wholly irrelevant here, because no federal law has pre-empted the state HRO statute on which petitioner's action is based.

This case is not removable. Therefore, the Court will recommend that respondent's "Notice of Removal" be vacated, and that this action be immediately remanded to state court. The Court will further recommend that respondent's pending IFP application be denied. See Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion) (IFP application was properly denied where IFP applicant's attempt to remove a state court action to federal court was found to be improper).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Respondent's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Respondent's "Notice of Removal," (Docket No. 1), be **VACATED**; and

3. This action be immediately **REMANDED** to the State District Court for Hennepin County, Minnesota.

Dated: October 2, 2013

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 16, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.