UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Gregory Hanson,

    Plaintiff,

  v.   **ORDER**
Civ. No. 13-2663 ADM/JSM

Berry A. Willis,

    Defendant.

___

John Gregory Hanson, pro se.

Berry A. Willis, pro se.

___

This matter is before the undersigned United States District Judge for a ruling on Respondent Berry A. Willis's Objection [Docket No. 5] ("Objection") to Magistrate Judge Janie S. Mayeron's October 2, 2013 Report and Recommendation [Docket No. 3] ("R&R"). In the R&R, Judge Mayeron recommends denying Willis's Application to Proceed In Forma Pauperis [Docket No. 2] and remanding this case to state court. After a thorough de novo review of the record and for the reasons stated below, Willis's Objection is overruled and Judge Mayeron's R&R adopted.

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff John Gregory Hanson initiated this action in state court by filing an application

for a Harassment Restraining Order ("HRO") in Hennepin County District Court. Not. of Removal [Docket No. 1] Ex. A. Hanson's application relied solely on Minn. Stat. § 609.748, the Minnesota statute governing harassment and restraining orders. In response, Willis removed this action to federal court, claiming Hanson obtained the HRO in concert with government officials who conspired to violate Willis's civil rights. Not. of Removal. Willis then applied to proceed in forma pauperis (IFP). After Judge Mayeron issued the R&R, Willis filed both his Objection and a "Notice of Pre-Emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via Georgia v. Rachel" [Docket No. 4] (the "Petition"). In this Petition, Willis alleges various constitutional and civil rights violations.

The Court agrees with Judge Mayeron that this action must be remanded to state court. As Judge Mayeron observed, the United States Supreme Court has unambiguously held that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Neither a defendant's stated defenses nor a counterclaim can establish federal question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002) (applying the well-pleaded complaint rule established under 28 U.S.C. § 1331 to § 1338(a)). In this case, even construing Willis's Petition as a counterclaim, Willis cannot establish federal question jurisdiction because Hanson's HRO application was based solely on state law. As such, Willis's application to proceed IFP will be denied, and this action will be remanded to state court.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Berry A. Willis's Objection [Docket No. 5] to Magistrate Judge Janie S. Mayeron's Report and Recommendation [Docket No. 3] is **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Defendant's Application to Proceed In Forma Pauperis [Docket No. 2] is **DENIED**; and

4. Defendant's Notice of Removal [Docket No. 1] is **VACATED** and this action will be immediately **REMANDED** to the State District Court for Hennepin County, Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 1, 2013