UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Gregory Hanson,<br><br>    Plaintiff-Appellee,<br>v.<br><br>Berry A. Willis,<br><br>    Defendant-Appellant. | Civil No. 13-2663 (ADM/JSM)<br><br>**ORDER** |

This matter is before the Court on the application of Defendant Berry A. Willis for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 11.) Defendant is seeking appellate review of an order dated November 1, 2013, (Docket No. 6), which rejected his attempt to remove this case from a Minnesota state court, and remanded the case back to the state court in which it was commenced.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee and costs for his or her appeal. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3). See also Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be presented on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Defendant's IFP application indicates that he is not currently employed, and he

receives no income other than gifts and welfare benefits in the aggregate amount of about $350 per month. The IFP application also indicates that Defendant has no assets that could be used to pay the filing fee and costs for his appeal. Based on the representations made in Defendant's IFP application, the Court finds that he is financially eligible for IFP status on appeal.

The Court remains fully satisfied that this case is not removable to federal court, and the case was therefore properly remanded to the state court in which it was brought. The Court finds no potentially meritorious grounds for an appeal. However, given the Supreme Court's liberal definition of "good faith" for IFP purposes, Defendant's current IFP application will not be denied for lack of good faith.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

---

[1] 28 U.S.C. § 1447(d) provides that:

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."

Generally speaking, "'remand orders based on a... lack of subject matter jurisdiction are unreviewable'" on appeal, by reason of § 1447(d). Jacks v. Meridian Resource Co., LLC, 701 F.3d 1224, 1229 (8th Cir. 2012), quoting Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir.2006). See also Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003) ("[a] remand order based upon lack of subject-matter jurisdiction is not reviewable on appeal"). The Court determined that the present action is not removable, because Plaintiff could not have initiated the action in federal court due to the absence of federal subject matter jurisdiction. See 28 U.S.C. § 1441(a). Thus, it appears highly doubtful that the remand order in this case is an appealable order. However, Defendant's submissions in this case include a few brief and unexplained references to 28 U.S.C. § 1443. Defendant's obscure references to § 1443 suggest that his appeal might arguably be exempt from § 1447(d)'s general ban on appeals from remand orders. The Court does not mean to suggest that the remand order in this case actually is appealable; Defendant is merely getting the benefit of a liberal construction of the "good faith" requirement.

Defendant's application to proceed in forma pauperis on appeal, (Docket No. 11), is GRANTED.

Dated: December 5 , 2013                                   s/Ann D. Montgomery

                                                            ANN D. MONTGOMERY
                                                            United States District Court Judge